UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GIGI DANIELLE-DISERAFINO,

      Plaintiff,

v.                   Case No: 2:15-cv-569-FtM-29CM

DISTRICT SCHOOL BOARD OF
COLLIER COUNTY, FLORIDA,

      Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement (Doc. #8) filed on January 26, 2016. Plaintiff filed a Response in Opposition (Doc. #15) on March 14, 2016. For the reasons stated below, Defendant's Motion is granted in part and denied in part.

## **I.**

Plaintiff Gigi Danielle-DiSerafino has sued her former employer, the District School Board of Collier County, Florida (Defendant), for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102 et seq., and of Fla. Stat. § 440.205 - the anti-retaliation provision of Florida's Workers' Compensation Law. Her Complaint (Doc. #1), filed on September 21, 2015, alleges that she suffered a head injury on January 4, 2005, while participating in an obstacle course at work, which caused cognitive impairment, fibromyalgia, and repetitive

upper-body motion disorders.  (Id. ¶ 11.)  Plaintiff, who worked as a teacher, claims she repeatedly asked Defendant for certain accommodations, including specific planning periods and a less stressful classroom environment and size.  (Id. ¶¶ 15, 16.) Defendant, however, "failed to seriously address [those] requests and pleas for assistance and failed to reasonably accommodate her disability." (Id. ¶ 17.)  Plaintiff claims that the "accumulation of unbearable conditions" – including a visit by Defendant's attorney to her doctor – resulted in her constructive discharge on March 21, 2014.  (Id. ¶¶ 33, 34.)   After a five-year investigation, the Equal Employment Opportunities Commission (EEOC) issued Plaintiff a right to sue letter on June 30, 2015. (Id. ¶ 27).  This lawsuit followed.

Defendant now moves to dismiss Plaintiff's Complaint or, in the alternative, for a more definite statement.  As to Plaintiff's ADA claim, Defendant contends Plaintiff failed to adequately plead i) that she exhausted her administrative remedies prior to filing suit, and ii) the elements of that claim.  Defendant argues that Plaintiff's retaliation claim should be dismissed because the statute of limitations has passed, and because the facts pled in support of that cause of action do not support a causal connection between her 2005 workers' compensation claim and her alleged constructive discharge nine years later.

## II.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a Rule 12(b)(6) motion seeking to dismiss a complaint for failing to comply with Rule 8(a), the Court must accept as true all factual allegations in the complaint and "construe them in the light most favorable to the plaintiff." Baloco ex rel. Tapia v. Drummond Co., 640 F.3d 1338, 1345 (11th Cir. 2011). However, mere "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

To avoid dismissal under Rule 12(b)(6), the complaint must contain sufficient factual allegations to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To do so requires "enough facts to state a claim to relief that is plausible on its face." Id. at 570. This plausibility pleading obligation demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are

merely consistent with a defendant's liability fall short of being facially plausible." (citation omitted)).  Instead, the complaint must contain enough factual allegations as to the material elements of each claim to raise the plausible inference that those elements are satisfied, or, in layman's terms, that the plaintiff has suffered a redressable harm for which the defendant may be liable.

## III.

### A.  The Failure to Accommodate Claim (Count I)

The Complaint asserts a claim under Title I of the ADA for disability discrimination, specifically, Defendant's failure to reasonably accommodate Plaintiff's disability in the workplace. Defendant contends that Plaintiff's ADA claim should be dismissed because the Complaint fails to i) adequately allege that she exhausted her administrative remedies prior to filing suit, and ii) state a prima facie case for disability discrimination.  The Court will consider these arguments in turn.

#### (1)  Exhaustion of Administrative Remedies

"Generally, [an ADA] plaintiff must allege in the complaint filed in his lawsuit that he has met the prerequisites o[f] a valid and timely-filed EEOC charge."  Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 836 (11th Cir. 2007) (per curiam) (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)).  It suffices to "allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).

Plaintiff satisfied her pleading burden by alleging that she received a right to sue letter from the EEOC on June 30, 2015 – less than 90 days prior the date her suit was filed – and that "[a]ll conditions precedent to filing this suit has [sic] occurred." (Doc. #1, ¶¶ 27, 28); Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010); see also Rodrigues v. SCM I Invs., LLC, No. 2:15-CV-128-FTM-29CM, 2015 WL 6704296, at *3 (M.D. Fla. Nov. 2, 2015). Accordingly, even if it turns out that Plaintiff did not file a timely or valid charge of discrimination with the EEOC - as Defendant's Motion to Dismiss insinuates - dismissal of Plaintiff's ADA claim on exhaustion-of-administrative-remedies grounds is not warranted at this stage. Cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

**(2)  Pleading Sufficiency of the ADA Claim**

Under Title I of the ADA, "[a]n employer "discriminate[s] against a qualified individual on the basis of disability" by, inter alia, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose

an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).  Thus:

> To state a prima facie claim for failure to accommodate under the ADA, a plaintiff must show that: (1) he is disabled; (2) he is a qualified individual, meaning able to perform the essential functions of the job; and (3) he was discriminated against because of his disability by way of the defendant's failure to provide a reasonable accommodation.

Russell v. City of Tampa, No. 15-14946, --- Fed. App'x ---, 2016 WL 3181385, at *2 (11th Cir. June 8, 2016) (per curiam) (citing Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001)).

Defendant argues that dismissal of Plaintiff's ADA claim is warranted because the Complaint does not adequately allege these three elements.  Specifically, Defendant contends that Plaintiff did not: 1) plead facts to support her "conclusory allegation" that she has a disability affecting major life activities; 2) allege that she is a "qualified individual"; and 3) provide facts linking her condition with the discriminatory treatment she allegedly received.  The Court disagrees.  Accepting as true the facts alleged in the Complaint, and drawing "all reasonable inferences derived from those facts" in Plaintiff's favor, as the Court must, Tennyson v. ASCAP, 477 F. App'x 608, 609 n.2 (11th Cir. 2012) (per curiam) (quotation omitted), the Court finds the ADA claim adequately pled.

## (a)  Plaintiff Adequately Alleges She Is "Disabled"

An individual is "disabled" within the meaning of the ADA if she has "a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  Id. § 12102(2)(A).

The Complaint alleges that, after Plaintiff's workplace accident, she began to suffer from several impairments, including "cognitive impairment, fibromyalgia, and repetitive motion disorders of the upper body." (Doc. #1, ¶ 11.)  As a result, Plaintiff "is in near constant pain[ and] suffers from severe sound sensitivity." (Id. ¶ 20.)  From these allegations, the Court may draw the reasonable inference that Plaintiff has impairments that affect major life activities, including thinking, hearing, lifting, bending, and walking.[1]  See Weixel v. Bd. of Educ. of

---

[1] Defendant argues that Plaintiff has alleged only that she was "diagnosed" with these conditions and there exists a distinction between a "diagnosis" and an "impairment" for purposes of stating a claim under the ADA.  (Doc. #8, pp. 8-9.)  If there is indeed any such distinction (a point on which the Court is not convinced), it is one without a difference here.  The allegations in the Complaint permit the Court to reasonably infer that Plaintiff *suffers from impairments* that substantially limit major life activities.

<u>N.Y.</u>, 287 F.3d 138, 146-48 (2d Cir. 2002) (reversing district court's holding that complaint alleging chronic fatigue syndrome and fibromyalgia did not adequately plead disability element); <u>see also</u> <u>Araya-Ramirez v. Office of the Courts Admin.</u>, No. CIV. 14-1619 DRD, 2015 WL 5098499, at *8 (D.P.R. Aug. 31, 2015) ("[I]t is uncontested that individuals diagnosed with Fibromyalgia suffer, in the majority of circumstances, a physical impairment [impacting major life activities] . . . , including sleeping and concentration."). The Complaint thus sufficiently alleges that Plaintiff is "disabled" under the ADA.[2]

> **(b) Plaintiff Adequately Alleges She Is a "Qualified Individual"**

A "qualified individual" for purposes of the ADA is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "The term essential functions means the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1). "If the individual is unable to perform an essential function of his job, even with an accommodation, he is, by definition, not a 'qualified individual' and, therefore, not covered under the ADA." <u>Holly v. Clairson</u>

---

[2] The Complaint also adequately alleges that Defendant knew of Plaintiff's impairments. (Doc. #1, ¶¶ 14, 15, 18, 19.)

<u>Indus., L.L.C.</u>, 492 F.3d 1247, 1256 (11th Cir. 2007) (citation omitted).  Consequently, stating a claim under the ADA requires a plaintiff to allege sufficient facts from which the Court may reasonably infer that she was able to perform her essential employment functions, or that she could have performed those functions with "reasonable accommodation."

By alleging that she had worked for Defendant since 1997 and continued to do so for more than nine years after her accident, Plaintiff has done just that.  From her approximately seventeen years of employment, the Court may plausibly infer that, at the time of her alleged constructive discharge, she was able to perform the essential functions of her job as a teacher.[3]  See <u>Johnson v. SecTek, Inc.</u>, No. CIV.A. ELH-13-3798, 2015 WL 502963, at *11 (D. Md. Feb. 4, 2015) ("[P]laintiff is not required to use words stating that she is a 'qualified individual,' as defendant urges. Nor, at the pleading stage, does plaintiff need to define the essential functions of her position."); <u>see also</u> <u>Blackburn v. Trustees of Guilford Tech. Cmty. Coll.</u>, 822 F. Supp. 2d 539, 551 (M.D.N.C. 2011) (plaintiff not required to specifically plead the "essential functions" of the job).  Accordingly, Plaintiff has adequately pled she is a "qualified individual" under the ADA.

---

[3] In fact, Defendant's Motion to Dismiss acknowledges that Plaintiff "remained employed by the District as a teacher for nearly a decade following her injury, all the while performing her job duties as a teacher." (Doc. #8, p. 5.)

### (c)   Plaintiff Adequately Alleges Defendant Failed to Accommodate Her Disability

In order to satisfy the pleading burden with respect to the third element of a failure to accommodate claim, the Complaint must allege facts from which the Court may infer that a reasonable accommodation existed and was denied to the plaintiff, and that providing that accommodation would not have imposed an undue hardship on the employer.   See 42 U.S.C. § 12112(b)(5)(A).   A failure to accommodate is akin to a strict liability claim in that "[a]n employer's failure to reasonably accommodate a disabled individual **is itself discrimination**, and the plaintiff does not bear the additional burden of having to show that the employer acted in a discriminatory manner toward its disabled employees."[4] Palmer v. McDonald, 624 F. App'x 699, 706 (11th Cir. 2015) (per curiam) (emphasis added) (citing Holly, 492 F.3d at 1262).

The Complaint alleges what the ADA requires.   Plaintiff claims she "asked repeatedly that her schedule be changed to allow for a less stressful classroom environment and size, particularly as an ESOL teacher," and also "requested specific planning periods and a classroom change."   (Doc. #1, ¶¶ 15-16.)   Not only did Defendant refuse to provide most of the accommodations requested,

---

[4] Consequently, unlike an ADA retaliation claim, a failure to accommodate claim requires no allegations connecting the denial of accommodations to any adverse employment actions suffered.

(id. ¶ 23),[5] the school principal "failed to show up for scheduled meetings to discuss accommodations."  (Id. ¶ 21.)  Moreover, "Defendant routinely accommodated the schedules of other teachers, so Defendant could have accommodated [her]."  (Id. ¶ 22.)

Defendant nevertheless claims dismissal of the ADA claim is warranted because Plaintiff pleads no facts connecting "her condition and any accommodation requests allegedly denied by the District."  (Doc. #8, p. 10.)  In other words, Defendant argues that Plaintiff has failed to allege her employment would have been less debilitating, had Defendant provided the accommodations.[6]

It is certainly true that, to *prevail* on a workplace failure to accommodate claim under the ADA, the accommodations requested must have been sought for the purpose of alleviating the workplace effect of the impairment.  Tesh v. U.S. Postal Serv., 349 F.3d 1270, 1276 (10th Cir. 2003) (affirming judgment as a matter of law in defendant's favor on failure to accommodate claim where the accommodation sought (a daytime shift) was "unrelated to the [plaintiff's] knee disability"); Wood v. Crown Redi-Mix, Inc., 339 F.3d 682, 687 (8th Cir. 2003) ("[T]here must be a causal connection between the major life activity that is limited and the accommodation sought.").  But regardless of whether the Court

---

[5] She did receive a room change in 2011.  (Doc. #1, ¶ 33.)

[6] The Complaint does allege that the accommodations Plaintiff requested would have been "less stressful to her."  (Id. ¶ 16.)

finds tenuous the connection between the "less stressful" accommodations Plaintiff sought and her alleged impairments, Defendant has provided no authority supporting the contention that dismissal is appropriate where a Complaint does not connect the accommodations requested to the impairment.

In sum, though the Complaint's factual allegations are rather lean, the facts pled are sufficient to state a claim against Defendant for failure to accommodate under Title I of the ADA.[7]

**B.   The Workers' Compensation Retaliation Claim (Count II)**

Plaintiff also seeks to hold Defendant liable for violating Fla. Stat. § 440.205,[8] which states that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Defendant moves for dismissal of this claim, arguing i) it is barred under the applicable statute of limitations, and ii) Plaintiff has not adequately pled one of the elements of the claim.

**(1)   Statute of Limitations Affirmative Defense**

The expiration of the relevant statute of limitations is an affirmative defense around which a plaintiff is not required to

---

[7] Defendant's bare assertion that it cannot respond in good faith to Plaintiff's ADA allegations is not well-taken.  The request for a more definite statement as to Count I is therefore denied.

[8] The Court presumes that the Complaint's citation to Section 440.204, which does not exist, is a scrivenor's error.

plead.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  Consequently, dismissal of a cause of action because the defendant claims the statute of limitations has run is not warranted unless "it is apparent from the face of the complaint that the claim is time-barred." Id. (citations omitted).

Here, that is not apparent.  Under Florida law, an employee must bring a claim for workers' compensation retaliation within four years of the occurrence of the alleged retaliatory conduct. Scott v. Otis Elevator Co., 524 So. 2d 642, 643 (Fla. 1988). Although true that some of the alleged violative behavior occurred more than four years before Plaintiff filed her Complaint on September 15, 2015, the Complaint also alleges incidents occurring during the four years prior to filing.[9]  (Doc. #1, ¶¶ 33(a), (e), (k), (m).)  Indeed, the date of Plaintiff's alleged constructive discharge is March 21, 2014.  (Id. ¶ 34.)

**(2)  Failure to State a Claim Under Fla. Stat. § 440.205**

A plaintiff alleging a violation of Fla. Stat. § 440.205 must adequately plead that: (1) she engaged in protected activity, such

---

[9] The Complaint also claims that the retaliatory actions alleged "should be subject to the continuing torts doctrine."  (Doc. #1, ¶ 36.)  This doctrine is recognized under Florida law and "permits a plaintiff to sue on an otherwise time-barred claim when additional violations of the law occur within the statutory period." Crossman v. Asset Acceptance, L.L.C., No. 5:14-CV-115-OC-10, 2014 WL 2612031, at *3 n.4 (M.D. Fla. June 11, 2014) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1221 (11th Cir. 2001)).  It is not clear, however, whether any court has applied the doctrine to a claim brought under Fla. Stat. § 440.205.

as filing a claim for workers' compensation; 2) she was subjected to an adverse employment action prohibited by the statute; and 3) there exists "a causal connection" between the protected activity and the adverse action.  Andrews v. Direct Mail Exp., Inc., 1 So. 3d 1192, 1193 (Fla. DCA 5th 2009); Russell v. KSL Hotel Corp., 887 So. 2d 372, 379 (Fla. DCA 3d 2004).  Defendant argues that dismissal of Plaintiff's retaliation claim is appropriate because her Complaint is devoid of facts showing a causal connection between the protected workers' compensation activity in which she engaged (which Defendant claims was the singular act of signing her workers' compensation documents on January 4, 2005) and the adverse actions she claims she suffered years later.

It is unclear whether the only "protected activity" alleged is the January 4, 2005 document signing.[10]  Without a better understanding of the evolution of Plaintiff's workers' compensation claim, the Court cannot evaluate whether Defendant's argument has merit.  On this point only, Defendant's request for

---

[10] The Complaint alleges that "Defendant chose to transport Plaintiff to school to sign [the workers' compensation] documents" on January 4, 2005, (Doc. #1, ¶ 31), which seems to imply that Plaintiff was successful in claiming workers' compensation, and that Defendant never frustrated her efforts to do so.  However, the Complaint also states that there "has been no final resolution of Plaintiff's worker's compensation claim," (id. ¶ 35), and that "District officials advised other teachers not to assist [her] in her duties as she requested help due to her injury, because she was in a worker's compensation lawsuit."  (Id. ¶ 33(f)).

a more definite statement is granted.[11]   Accordingly, within **fourteen (14) days** of the date of this Order, Plaintiff shall file an Amended Complaint clearly setting forth the protected activity forming the basis for her state-law retaliation claim and any relevant dates associated therewith.

Accordingly, it is hereby

**ORDERED:**

1.   Defendant's Motion to Dismiss Plaintiff's Complaint or for a More Definite Statement (Doc. #8) is **granted in part and denied in part**.   As to Count I, the Motion is **denied**.   As to Count II, the Court **grants in part** the Motion for a More Definite Statement and **denies as moot** the Motion to Dismiss.

2.   Within **fourteen (14) days** of the date of this Order, Plaintiff shall file an Amended Complaint clearly setting forth the protected workers' compensation activity that forms the basis for Count II and any relevant associated dates.

**DONE and ORDERED** at Fort Myers, Florida, this 11th day of August, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[11] Defendant claims that it is not clear "which employment-related actions Plaintiff is relying upon as the basis for her claim," (Doc. #8, p. 12), but it seems apparent to the Court that she is relying on the several actions listed in paragraphs 33 and 34.